Michael R. MONKELIS, Appellant,

v.

MOBAY CHEMICAL, Appellee.

No. 87–3244.

United States Court of Appeals,
Third Circuit.

Submitted United Third Circuit Rule 12(6)
Aug. 18, 1987.

Decided Sept. 2, 1987.

Michael R. Monkelis, pro se.

John J. Myers, Peter J. Ennis, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for appellee, Mobay Corp.

Before GIBBONS, Chief Judge, and WEIS and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Chief Judge:

Michael R. Monkelis appeals from an award of attorney's fees to the prevailing defendant in an ERISA case. Monkelis brought suit against his former employer, Mobay Chemical, seeking damages under 29 U.S.C. § 1140 and under Pennsylvania common law. The district court applied a borrowed six-year state law statute of limitations and concluded that Monkelis' ERISA claim was time barred. Having dismissed the ERISA action, the remaining state law claims were also dismissed for lack of jurisdiction. Mobay Chemical requested attorney's fees, and the district court, finding that Monkelis' claims were "frivolous and without legal merit or foundation in fact," awarded $5,167.75. Monkelis appealed contending that the district court erred both in its determination on the merits and on its award of an attorney's fee. In a companion appeal, 827 F.2d 937 (3rd Cir.1987) docketed at No. 87–3095, we held that the district court did not err in granting summary judgment in favor of Mobay Chemical on statute of limitations grounds. In this appeal, we conclude that the district court did not abuse its discretion in awarding attorney's fees and expenses.

Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party," but does not automatically mandate an award to a prevailing party. *See Iron Workers' Local No. 272 v. Bowen,* 624 F.2d 1255, 1265 (5th Cir.1980). In determining whether to make an award of fees under ERISA, this court has considered the following five policy factors:

(1) the offending parties' culpability or bad faith;

(2) the ability of the offending parties to satisfy an award of attorneys' fees;

(3) the deterrent effect of an award of attorneys' fees against the offending parties;

(4) the benefit conferred on members of the pension plan as a whole; and

(5) the relative merits of the parties' position.

*Ursic v. Bethlehem Mines,* 719 F.2d 670, 673 (3d Cir.1983). Monkelis contends that Mobay Chemical failed to establish its right to attorney's fees under the factors set forth in *Ursic.*

First, we consider the first and fifth factors listed above, Monkelis' "culpability or bad faith" and the "relative merits of the parties' positions." These factors do support an award of fees to Mobay Chemical. The evidence demonstrates that Monkelis' ERISA claim was time barred and substantively without merit. Monkelis has failed to set forth any specific factors to support his claim that he was terminated to prevent his pension from vesting. This failure is particularly egregious since it was established that, at the time of his termination, Monkelis had only been employed by Mobay Chemical for approximately four years and had five years remaining before his pension would vest.

Moreover the facts in this case had been developed in extensive litigation in the state courts brought by Monkelis against Mobay. That law suit was also based on allegations of wrongful discharge and resulted in a jury verdict in favor of the

defendant. Although brought under a different legal theory, the ERISA suit was basically a rehash of the same facts that had been found against Monkelis in the state proceeding. While the time bar issue presents a close question, Monkelis' ERISA claim is clearly frivolous on the merits.

The next factor we consider is the parties' ability to pay. We cannot conclude that Monkelis lacks the ability to satisfy the fee award since Monkelis has never argued that he is unable to satisfy Mobay Chemical's claim for $5,167.75.

The remaining factors to consider in determining whether the district court abused its discretion in awarding attorney's fees and costs are the deterrent effect of such an award and the benefit conferred on members of the pension plan. The third factor, deterrence, supports an award of fees because we believe that the deterrent effect will be beneficial upon those who contemplate speculative and duplicative litigation on thinly based grounds. The fourth factor, the benefit conferred on the ERISA beneficiaries, is not relevant because Monkelis did not bring an action against the pension fund itself.

Since we find that the district court did not abuse its discretion in awarding attorney's fees and costs to Mobay Chemical pursuant to 29 U.S.C. § 1132(g)(1), there is no need to consider whether such an award would be proper pursuant to Fed.R.Civ.P. 11. Lastly, we need not address Monkelis' alternate ground for reversal, that an erroneously entered judgment requires reversal of the associated attorney's fee award, since we have upheld the district court's grant of summary judgment in docketed appeal No. 87–3095.

For the foregoing reasons, the order of the district court awarding attorney's fees and costs to Mobay Chemical is affirmed.