**Joseph P. FOLEY, Plaintiff,**

v.

**BETHLEHEM STEEL CORPORATION, Defendant.**

**No. 87–CV–1489(A).**

United States District Court,
W.D. New York.

June 24, 1998.

Robert Villarini, Michalek, Villarini & Henry, Hamburg, NY, for Joseph Peter Foley, plaintiff.

Michael R. Moravec, Phillips, Lytle, Hitchcock, Buffalo, NY, Ginger D. Schroder, Buchanan Ingersoll P.C., Buffalo, NY, for Defendant.

## DECISION AND ORDER

ARCARA, District Judge.

### INTRODUCTION

Plaintiff sued defendant under § 510 of the Employee Retirement Income Security Act

("ERISA"). The Court held a bench trial, and on January 27, 1998, ruled in favor of defendant, finding that plaintiff's claim was both barred by the statute of limitations and without merit.

On February 17, 1998, defendant, pursuant to 29 U.S.C. § 1132(g)(1), moved the Court to order plaintiff to pay attorney's fees incurred by defendant in the amount of $40,000.00. Plaintiff filed a memorandum in opposition to an award of attorney's fees, and also moved to re-tax the costs of the litigation, which the Clerk of Court had taxed in the amount of $5,414.15.

For the reasons discussed below, the Court finds that plaintiff should pay defendant costs and a reduced amount of attorney's fees.

### FACTUAL BACKGROUND[1]

Plaintiff filed suit *pro se* in 1987, naming a supervisor at Bethlehem Steel Corporation as defendant. Over the next few years of the litigation, plaintiff secured counsel, amended his complaint numerous times, and substituted Bethlehem Steel Corporation as defendant. Generally, plaintiff claimed that Bethlehem fired him in August of 1977 so that he would not attain a "Rule of 65" pension, a pension that was more favorable than the pension he received. Defendant claimed, in contrast, that plaintiff was fired because of his poor performance as a manager.

The Court held a bench trial over the course of several days in March of 1996. At trial, plaintiff produced virtually no evidence showing any illegal motivation on the part of defendant. Defendant, on the other hand, produced several witnesses who had worked under plaintiff at Bethlehem, who testified about plaintiff's acrimonious relationships with many of his subordinates. Defendant also introduced several performance reviews from plaintiff's employment record which clearly documented his less-than-satisfactory job performance.

The Court issued a Decision and Order on January 27, 1998. The Court, following the Second Circuit's decision in *Sandberg v. KPMG Peat Marwick, LLP,* 111 F.3d 331, 333 (2d Cir.1997), determined that plaintiff's § 510 claim was barred by the statute of limitations. Moreover, in light of the scant evidence adduced by plaintiff in support of his claim, the Court found that plaintiff's claim failed on its merits.

Defendant then filed the present motion for attorney's fees. Defendant estimated that it had paid $110,997.19 in attorney's fees over the several-year span of the litigation. Recognizing that an award in this amount would work a financial hardship on plaintiff, defendant requested that the Court order plaintiff to pay $40,000 in attorney's fees.[2]

Plaintiff, in response, has argued that he should not be ordered to pay any attorney's fees. In fact, when the Court questioned plaintiff's counsel at oral argument as to what amount would be a reasonable one for plaintiff to pay, plaintiff's counsel stated that no amount whatsoever would be reasonable. Plaintiff relies primarily on his financial position, claiming that he cannot afford to pay an award of any amount. Plaintiff is seventy years old and is retired. He and his wife have a combined income of approximately $30,928, comprised mainly of pension and Social Security benefits. Despite the Court's previous ruling, plaintiff also argued that he should not be required to pay attorney's fees since his position in the litigation was meritorious.[3]

### DISCUSSION

An award of attorney's fees in an ERISA action is authorized by 29 U.S.C. § 1131(g)(1), which states that "[i]n any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its

---

1. For a more complete recitation of the facts behind this litigation, see the Court's findings of fact in its Decision and Order of January 27, 1998 (Item Number 110).

2. Defendant has filed copies of contemporaneous time records in support of the amounts claimed to have been expended for attorneys' fees. The Court has examined these records and finds that the $40,000 request is well supported by the amount of time justifiably spent and the reasonable hourly rates charged.

3. Plaintiff did not appeal the Court's previous decision.

discretion may allow a reasonable attorney's fee and costs of action to either party." When a court, in the exercise of its discretion, determines whether to award attorney's fees in an ERISA action, it must take into account the following factors:

> (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

*Miller v. United Welfare Fund*, 72 F.3d 1066, 1074 (2d Cir.1995). Applying these factors to the present case, the Court finds that a reduced award of fees is appropriate.

Clearly the fourth factor, the relative merits of the parties' positions, weighs heavily in favor of awarding attorney's fees to defendant. Plaintiff pursued this action despite the fact that it was barred by the statute of limitations. While the precise statute of limitations on this type of action was an unresolved issue in this Circuit when plaintiff filed suit, since plaintiff did not file suit until almost ten years after his discharge, it should have been apparent to him that his action would likely be time-barred.

Moreover, plaintiff's claims were clearly baseless. He claimed that defendant terminated him in order to interfere with his pension rights, but offered no evidence of illegal motivation. To the contrary, plaintiff's employment record was replete with uncomplimentary performance reviews and complaints from other employees whom he supervised, clearly showing that he was terminated for poor job performance. Since plaintiff's claims were so devoid of merit, assessing an award of attorney's fees against him is appropriate. *See Monkelis v. Mobay Chemical*, 827 F.2d 935, 936–37 (3d Cir.1987).

The third factor, deterrence, weighs heavily in favor of awarding fees to the defendant as well. The Court is concerned that putative plaintiffs not be discouraged from filing suits under ERISA to protect their pension rights. At the same time, however, the Court finds it appropriate that there be some disincentive to filing meritless suits. *See Monkelis*, 827 F.2d at 937. After weighing these concerns, the Court finds that a reduced fee award in the present case, which is clearly without merit, may deter the future filing of meritless suits without discouraging those plaintiffs with colorable claims.

The plaintiff's bad faith or culpability, which is the first factor, weighs slightly in defendant's favor. Although plaintiff did not demonstrate any extreme instances of bad faith, he did pursue this meritless litigation in an almost haphazard fashion, changing legal theories and defendants for the first several years of litigation, making an award of fees appropriate.

The Court has also given careful consideration to the second factor, the plaintiff's financial ability to satisfy an award. The Court recognizes that plaintiff is a seventy year old man of moderate means. Plaintiff has submitted documentation showing that he and his wife have a combined income of $30,928.84, more than half of which is nontaxable. The Court finds that plaintiff has the ability to pay a reduced award of attorney's fees without suffering undue financial hardship. In recognition of plaintiff's financial situation, the Court will greatly reduce the amount of fees requested.[4] Moreover, in order to make the award easier for plaintiff to pay, the Court will order that plaintiff pay the award in modest monthly installments.

The fifth factor, common benefit, is inapplicable in the present case as plaintiff did not bring an action against the pension fund itself. *See Monkelis*, 827 F.2d at 937; *see also Mendez v. Teachers Ins. & Annuity Assoc. & College Retirement Equities Fund*, 982 F.2d 783, 789 (2d Cir.1992) ("[F]ailure to satisfy this factor need not preclude an award of attorney's fees.").

■ The plaintiff has also challenged the amount of costs taxed by the Clerk of Court.

---

4. The Court notes that the amount of attorney's fees defendant requested was greatly reduced from the amount defendant actually expended.

Plaintiff challenges the amounts charged for a few items and also claims to be unable to pay the amount taxed. The Court finds that the costs have been properly taxed, and that given the opportunity to pay costs in monthly installments, plaintiff can afford to pay the costs as assessed.

In sum, the Court finds that defendant has shown that it expended well over the $40,000 of attorney's fees it has requested, and that plaintiff should be liable to defendant for a portion of these fees. The Court also finds that plaintiff is liable for costs as taxed in the amount of $5,414.15. The Court is, of course, mindful of plaintiff's modest financial abilities. Balancing these considerations, the Court finds that plaintiff should pay defendant $5,414.15 for costs, plus $10,0000 for a small portion of the attorney's fees expended by defendant, for a total of $15,414.15. In light of plaintiff's financial situation, the Court orders that plaintiff pay defendant this amount in monthly installments of $100, to be paid on the first day of each month, commencing September 1, 1998. No interest shall accrue on the principal amount due during repayment.

Moreover, the Court finds it undesirable that plaintiff's wife should be unduly burdened by this assessment. Thus, if plaintiff has not completed payment at the time of death, any amount which has not come due at that time will be discharged.

### CONCLUSION

For the reasons discussed above, the Court hereby orders plaintiff to pay to defendant the sum of $100 per month for the remainder of his life up to a total amount of $15,414.15, for attorney's fees and costs incurred by defendant in this litigation, commencing September 1, 1998.

IT IS SO ORDERED.