

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-17-2003

# Tomasko v. Ira H. Weinstock PC

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3619

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Tomasko v. Ira H. Weinstock PC" (2003). *2003 Decisions.* Paper 104.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/104

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 02-3619

RONALD T. TOMASKO,

Appellant

v.

IRA H. WEINSTOCK, P.C.; IRA H. WEINSTOCK, as Trustee
of the Ira H. Weinstock, P.C. Money Purchase Pension
Plan and Ira H. Weinstock, P.C. Profit Sharing Plan;
IRA H. WEINSTOCK, P.C., as Plan Administrator of the
Ira H. Weinstock, P.C. Money Purchase Pension Plan
and Ira H. Weinstock, P.C. Profit Sharing Plan;
IRA H. WEINSTOCK

No: 02-3703

RONALD T. TOMASKO

v.

IRA H. WEINSTOCK, P.C.; IRA H. WEINSTOCK, as Trustee of
the Ira H. Weinstock, P.C. Money Purchase Pension Plan
and Ira H. Weinstock, P.C. Profit Sharing Plan;
IRA H. WEINSTOCK, P.C., as Plan Administrator of the
Ira H. Weinstock, P.C. Money Purchase Pension Plan and
Ira H. Weinstock, P.C. Profit Sharing Plan; IRA H. WEINSTOCK,

Appellants

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 98-cv-01978)
District Judge: The Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
September 19, 2003
_____

Before: MCKEE, SMITH, <u>Circuit Judges</u>, and SCHILLER,
<u>District Judge</u>*

(Filed November 17, 2003)
_____

OPINION
_____

SMITH, <u>Circuit Judge</u>.

## I.    INTRODUCTION

This suit arises out of a dispute between two lawyers who parted ways.  Plaintiff-

Appellant Ronald Tomasko (hereinafter "Tomasko") worked as an associate for the law

firm of Defendant-Appellee Ira H. Weinstock (hereinafter "Weinstock") until Tomasko

left to open a competing firm.  Tomasko sued Weinstock under ERISA and the

Pennsylvania Wage Payment and Collection Law, claiming that he was entitled to

additional compensation for the year 1996 and that Weinstock had failed to make

_____

* The Honorable Berle M. Schiller, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

2

appropriate contributions to Tomasko's ERISA plans. He also sought to recover attorney's fees.

## II.    FACTS AND PROCEDURAL HISTORY

Tomasko worked as an associate for Defendant-Appellee Ira H. Weinstock, P.C. from 1991 through January 2, 1997.  As an employee, Tomasko became a participant in the Ira H. Weinstock Money Purchase Plan and the Ira H. Weinstock Profit Sharing Plan. Ira Weinstock, the principal of the firm, serves as administrator and trustee of the plans. Both of the plans are defined contribution plans that are subject to ERISA.  They require annual employer contributions, based on the calendar year.

Prior to his January 2 resignation, Tomasko submitted a request to Weinstock for $14,200 in additional compensation and bonuses for work he had performed for the firm in 1996.  Ultimately, Weinstock paid Tomasko $6,100 on January 17, 1997, and refused to make contributions to Weinstock's 1996 pension account on this amount.

This lawsuit arises out of a dispute between Tomasko and Weinstock regarding the nature of Tomasko's compensation arrangement with the firm, the amount of additional compensation to which Tomasko was entitled, and whether Weinstock was obliged to make a contribution to Tomasko's pension accounts.  Tomasko filed suit under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et. seq.*, and also brought claims to recover pension benefits due under section 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2), and for breach of fiduciary duty under Section 404 of

3

ERISA. Following a bench trial, the District Court entered judgment for Tomasko on his claim to recover pension benefits under ERISA, and directed Weinstock to make "appropriate contributions" to Tomasko's pension plans for the $6,100 in additional compensation earned by Tomasko in 1996. The parties filed cross-motions for reconsideration and/or amendment of judgment and cross-motions for attorney's fees pursuant to Section 502(g)(1) of ERISA. By order dated August 15, 2002, the District Court granted Tomasko's motion to amend the judgment in part, finding that Weinstock had breached its fiduciary duty to Tomasko in failing to make pension contributions on the $6,100. The Court denied both parties' motions for attorney's fees.

## III.    JURISDICTION

The District Court had jurisdiction pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

## IV.    DISCUSSION

### A.    *Tomasko's entitlement to a pension plan contribution based on an additional $6,100 earned in 1996*

The District Court determined that the $6,100 Tomasko received from Weinstock on January 17, 1997 constituted the full amount to which he was entitled for work performed in 1996, as opposed to the $14,200 Tomasko claimed Weinstock owed him. The District Court further determined that Weinstock's failure to treat the $6,100 as compensation earned in 1996, and the resultant refusal to make a contribution to Tomasko's pension plans for 1996 based on that amount, was arbitrary and capricious.

4

We agree.

We reverse factual conclusions of the district court only if they are clearly erroneous, but exercise "plenary review over the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts." *Foley v. Int'l. Bhd. of Elec. Workers Local Union 98 Pension Fund*, 271 F.3d 551, 555 (3d Cir. 2001) (citation and internal quotations omitted). Where, as here, the plan administrator has discretion to interpret the Plan and the authority to determine eligibility, we review a denial of benefits under an arbitrary and capricious standard. *Id.* Under this standard, a plan administrator's decision will be overturned "only if it is clearly not supported by the evidence in the record or the administrator has failed to comply with the procedures required by the plan." *Id.*

Tomasko contends that he and Weinstock arrived at a bonus arrangement in 1993 whereby, in addition to his normal salary, Tomasko would receive: (1) a quarterly bonus of 10% of the fees received by the firm for matters on which Tomasko worked; (2) a quarterly bonus of 33 1/3 % of fees received by the firm for matters which Tomasko originated or brought to the firm; and (3) a twice-yearly bonus of $1,500, the amount Tomasko sought as a salary increase. Tomasko understood that in order for him to receive the quarterly bonuses, the firm must have received the fees, and made a "profit" on those fees (i.e. the amount received must have exceeded the hourly rate of the attorney(s) who worked on the matter, multiplied by the hours worked, together with any

5

costs advanced).

Weinstock's understanding of the compensation arrangement was that there was no agreement to pay bonuses quarterly. Rather, Tomasko would submit requests for additional compensation for matters he had worked on, Tomasko and Weinstock would meet to discuss the requests, and Weinstock would decide in his discretion whether to pay any amount, and if so, how much. Weinstock testified that he took many factors into account in exercising his discretion, including the quantity of work, quality of work, whether the firm had received the fees, whether there was a profit to the firm, work habits, and loyalty.

The District Court determined that an agreement existed between Weinstock and Tomasko to increase Tomasko's compensation for 1994, 1995, and 1996 by the annual amount of $3,000, to be paid in two installments of $1,500. All of the settlement sheets submitted by Tomasko reflect a request twice in each of those three years for $1,500. The payroll ledger recorded the amount of Tomasko's salary plus two $1,500 bonuses. Furthermore, Weinstock testified that the payment of $6,100 made in January 1997 included the $1,500 bonus Tomasko had requested for the second half of 1996. We agree that the evidence demonstrates that Tomasko met his burden of proving that there was an agreement to pay him an additional $3,000 in each of the years 1994, 1995, and 1996.

Turning to the quarterly bonuses requested by Tomasko, the District Court determined that the parties had reached an understanding that Tomasko would receive

6

additional compensation for matters he worked on, but that Weinstock ultimately had some discretion as to the exact percentages and timing of such bonuses. This determination was not clearly erroneous.

On December 15, 1996, Tomasko submitted a request for $14,200. Weinstock ultimately paid Tomasko $6,100 on January 17, 1997 in response to Tomasko's submission. Weinstock determined that Tomasko was entitled to $6,100, based on the following information: (1) Tomasko claimed a 33 1/3 % cut for work performed for Eric George, but Weinstock determined that Tomasko had not generated that business, and therefore should only receive 10% for that work; (2) in the case of work performed for Mary Ann Fink, the firm had not received the fees in 1996, and therefore Tomasko was not entitled to additional compensation for this matter since he resigned on January 2, 1997. The District Court determined that "there was an understanding regarding additional compensation, the terms of which were that requests for payment be based upon percentages of fees received, that [Tomasko] and Mr. Weinstock would discuss [Tomasko's] requests and that Mr. Weinstock would consider the request and determine what amount should be paid." App. at 11-12. In addition, the District Court noted that "I am not convinced that Mr. Weinstock believed that he could pay nothing, however[.] [T]hat some payment would be made on account of these requests was something Mr. Tomasko relied on with justification." App. at 12. Based on the foregoing analysis, the District Court correctly concluded that "nothing more [than $6,100 was] due Mr.

Tomasko in the form of compensation or bonuses." App. at 11.

Having determined that Tomasko and Weinstock had an agreement with respect to both biannual bonuses of $1,500 and additional bonus compensation based on Tomasko's requests, the District Court next turned to the question of whether there was any contribution due to the pension plans. We agree with the District Court that all of the fees making up the $6,100 payment qualified as compensation under both pension plans. The plans defined compensation to include "the Participant's wages, salaries, fees for professional service and any other amounts received for personal services actually rendered in the course of employment with the Employer . . . . The Administrative Committee will take into account only Compensation actually paid for the relevant period." App. at 14. Accordingly, the plans, as interpreted by the past practices of Weinstock, required payment of contributions on the $6,100.

### B. Attorney's Fees

Both parties appeal the District Court's denial of attorney's fees. 29 U.S.C. § 1132(g)(1) provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." The District Court concluded that neither party was entitled to attorney's fees and declined to exercise his discretion to award them. The District Court stated that, under *Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983), a court "should generally consider" five factors when evaluating an application for fees and costs under § 502(g)(1) of ERISA. In actuality, we declared in *Ursic* that

8

District Courts *must* consider the following five factors:

> (1) the offending parties' culpability or bad faith;
> (2) the ability of the offending parties to satisfy an award of attorney's fees;
> (3) the deterrent effect of an award of attorney's fees against the offending parties;
> (4) the benefit conferred upon members of the pension plan as a whole; and
> (5) the relative merits of the parties' positions.

*Ursic*, 719 F.2d at 673. Rather than engaging in an analysis of the *Ursic* factors, the District Court reasoned that such an analysis was unnecessary, since "it would be inequitable to award either party attorney's fees on the present action." Since both parties prevailed on some claims, the Court found that neither party was more deserving of attorney's fees than the other party, and that fee awards to both parties would simply cancel each other out. Thus, the Court concluded that

> this alone, without an *Ursic* analysis, demands that the Court find that neither party is entitled to attorney's fees. It would be difficult, if not impossible, for the Court to determine the amount of culpability that each party possesses on the portion of each claim in a case where each party prevailed on some claims, and were the offending parties on other claims.

App. at 40. While we recognize that the District Court was attempting a common sense approach, this Circuit's jurisprudence requires that a District Court, in the exercise of its discretion, undertake an analysis of all five of the *Ursic* factors. *McPherson v. Employees' Pension Plan of Am. Re-Insurance Co., Inc.*, 33 F.3d 253, 254 (3d Cir. 1994) (stating that "to guide district courts as they exercise their discretion, we have set forth five factors that must be considered"); *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1011 (3d Cir. 1992) (confirming that "since *Ursic* announced the factors which a

9

district court should consider in awarding fees under ERISA, we have consistently required a district court's discretion to be informed by at least these five factors"). We have remanded cases in which a district court lists the *Ursic* factors and considers them, but does so "without analysis or articulation of its reasons." *Anthuis*, 971 F.2d at 1012. Consequently, consistent with Tomasko's request, we must vacate the portion of the District Court's order denying attorneys fees to both parties and remand to the District Court for consideration of the *Ursic* factors.[1]

C.      *Breach of Fiduciary Duty and Tomasko's entitlement to equitable relief*

Following the bench trial, both parties moved for reconsideration and to amend the judgment set forth in the District Court's December 18, 2001 order. Tomasko claimed

---

[1] The District Court, in its attorney's fees discussion, summarily stated that both parties were "prevailing parties" for purposes of the award of attorneys fees. Tomasko disputes Weinstock's status as a prevailing party. We need not reach this issue, because ERISA contemplates the award of attorneys fees "to either party" in the court's discretion, without limiting the award to a prevailing party. We do require the Court to apply the five *Ursic* factors, one of which is "the relative merits of the parties' position."

that Weinstock breached his fiduciary duty to Tomasko under 29 U.S.C. § 1104[2] by: failing to act solely in the interests of the plan participants and beneficiaries by failing to make all of the required contributions to the plans for the year 1996; and by deliberately waiting until January 20, 1997 to pay Tomasko the $6,100 bonus he had earned in 1996, knowing that Tomasko would not be eligible for contributions to his plan accounts for the year 1997. The District Court determined that Weinstock had breached his fiduciary duty to Tomasko, and granted Tomasko's motion to amend the judgment with respect to his breach of fiduciary duty claim.

On appeal, Tomasko contends that the District Court's August 15, 2002 order, which found in his favor on his breach of fiduciary duty claim, failed to comply with Federal Rule of Civil Procedure 58 because it did not indicate what relief, if any, the court

---

[2] 29 U.S.C. § 1104 sets forth the standard of care with which a "fiduciary" of an ERISA plan must act:

> a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and –
> (A) for the exclusive purpose of:
>      (I) providing benefits to participants and their beneficiaries; and . . .
> (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

29 U.S.C. § 1104.

was ordering for the appellee's breach of fiduciary duty.[3]  In Tomasko's amended complaint, he had requested "appropriate equitable relief," including pre-judgment interest, and both of the District Court's orders were silent on this issue.  The December 2001 order, which addressed Tomasko's claim for contributions to his pension plan, simply ordered Weinstock to make the appropriate contribution based on an additional $6,100 that the District Court correctly determined Tomasko had earned in 1996.  The August 2002 order, addressing breach of fiduciary duty, found such a breach but did not order any relief.

Although we need not decide here whether the District Court's Judgment Order satisfied Rule 58, we must remand to the District Court for clarification as to: (1) whether it intended, in the exercise of its discretion, to grant any equitable relief to Tomasko; and (2) on what basis it intended to grant such relief.  With respect to (2), we note that

---

[3]  The judgment order stated the following:

> 2. Plaintiff's motion for reconsideration (Doc. 103) is GRANTED in part and DENIED in part.
>    A.  Granted with respect to Plaintiff's claim that Defendants Ira J. Weinstock, P.C. and Ira H. Weinstock breached their fiduciary duty (Count III) on the $6,100 paid on January 17, 1997 only, as reflected in Findings of Fact 32, 34, 37 and 38 a[nd] Conclusions of Law 17-26.
>    B.   In all other respects the order of December 18, 2001 [requiring Defendants to make an appropriate contribution to Plaintiff's pension plans] remains in full force and effect.

App. at 27.

12

appropriate equitable relief, such as prejudgment interest, is available for either a plan violation itself (i.e. denial of benefits) or for a breach of fiduciary duty under § 1109. Under 29 U.S.C. § 1132(a)(3)(B) plaintiff can recover "other appropriate equitable relief" to address "any act or practice which violates any provision of this subchapter." Thus, since Weinstock violated § 1132(a)(1)(B) by failing to make the appropriate contributions to Tomasko's pension accounts, Tomasko could obtain equitable relief, which would include prejudgment interest, under § 1132 (a)(3)(B), apart from any breach of fiduciary duty that may or may not have occurred.

It is well-established in this circuit that prejudgment interest is available in actions to recover benefits under ERISA. *Fotta v. Trustees of the United Mine Workers of Am.*, 165 F.3d 209, 210 (3d Cir. 1998) (deciding that the beneficiary of an ERISA plan may bring an action against the plan to recover interest on benefits the plan paid after some delay, without having sued under ERISA for the benefits themselves); *Schake v. Colt Indus. Operating Corp. Severance Plan for Salaried Employees*, 960 F.2d 1187, 1192 n.4 (3d Cir. 1992); *Anthuis*, 971 F.2d at 1010. We have repeatedly held that, while the award of equitable relief such as prejudgment interest is within the sound discretion of the district court, "prejudgment interest typically is granted to make a plaintiff whole because the defendant may wrongfully benefit from use of plaintiff's money." *Fotta*, 165 F.3d at 212; *Schake*, 960 F.2d at 1192 n.4; *Anthuis*, 971 F.2d at 1009. Because the District Court failed to articulate what equitable relief, if any, it intended to award, and on what basis,

13

we will remand to the District Court for clarification.

## V.    CONCLUSION

We will affirm the judgment of the District Court that Tomasko was entitled to contributions to his ERISA plans based on $6,100 of additional compensation earned in 1996. We will remand to the District Court for consideration of the appropriateness of an award of attorney's fees under *Ursic*, and to clarify what equitable relief, if any, it intended to award for the denial of benefits or for breach of fiduciary duty.

To the Clerk:

Please file the foregoing Opinion.

By the Court:

 /s/ D. Brooks Smith
Circuit Judge