

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-26-2007

# Tomasko v. Ira H Weinstock PC

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4343

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Tomasko v. Ira H Weinstock PC" (2007). *2007 Decisions.* Paper 195.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/195

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 06-4343 & 06-4440
_____

RONALD T. TOMASKO,

Appellant/Cross Appellee,

v.

IRA H. WEINSTOCK, P.C.;  IRA H. WEINSTOCK, as Trustee of the Ira H. Weinstock,
P.C. Money Purchase Pension Plan and Ira H. Weinstock, P.C. Profit Sharing Plan;  IRA
H. WEINSTOCK, P.C., as Plan Administrator of the Ira H. Weinstock, P.C. Money
Purchase Pension Plan and Ira H. Weinstock, P.C. Profit Sharing Plan; IRA H.
WEINSTOCK, individually,

Appellees/Cross Appellants.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 98-cv-01978)
District Judge: Hon. A. Richard Caputo

Submitted Under Third Circuit LAR 34.1(a)
September 14, 2007

Before: RENDELL, FUENTES, and CHAGARES, Circuit Judges.

_____

(Filed November 26, 2007)

_____

OPINION OF THE COURT

CHAGARES, Circuit Judge.

In this long-running benefits dispute, the District Court held that attorney Ira Weinstock, in his individual and administrative capacities (collectively, Weinstock), violated ERISA by not making pension contributions on $6,100.00 in compensation to his former employee (and current competitor) Ronald Tomasko (Tomasko). The parties have now cross-appealed, for the second time, the District Court's decision not to award either party attorney's fees. Unfortunately, although this case has been ongoing for nearly nine years, and although this Court has already considered, and remanded on, the issue of attorney's fees, we must once again vacate and remand that part of the District Court's decision that concerned Tomasko's fee request. We will affirm the District Court, however, with respect to Weinstock's fee request.

I.

Because we write only for the parties, and because this case has been before us once already, see Tomasko v. Weinstock, 80 F. App'x 779, 785 (3d Cir. Nov. 17, 2003), our summary of the facts is brief. Tomasko worked for Weinstock from August 13, 1991 until January 2, 1997, when Tomasko resigned to start a competing law firm. As Weinstock's employee, Tomasko participated in two defined contribution plans governed by ERISA. Weinstock was the administrator, sponsor, and sole trustee for the plans. Tomasko's compensation agreement included provisions for additional compensation over and above his salary, but Weinstock had discretion to determine how much Tomasko

2

would be paid. On December 15, 1996, Tomasko requested $14,200.00 in additional compensation and bonuses for work performed for the firm in 1996. On January 17, 2007, Weinstock paid Tomasko $6,100.00, but treated the money as 1997 – not 1996 – compensation. Because the plans required a participant to be employed by Weinstock on December 31 to receive a pension contribution for that plan year, Weinstock's treatment of the $6,100.00 as 1997 compensation saved him the pension contributions on that amount because Tomasko resigned before December 31, 1997.

Tomasko sued, asserting one claim under the Pennsylvania Wage Payment and Collection Law (WPCL), for non-payment of monies allegedly owed to him, and two claims under ERISA, for non-payment of pension contributions and for breach of fiduciary duty. In October 2001, the District Court held a bench trial, and on December 18, 2001 issued its decision. The District Court ruled in favor of Tomasko on parts of each ERISA claim, and ordered Weinstock to make "appropriate contributions" to Tomasko's pension plans for the $6,100.00 that Weinstock had improperly characterized as 1997 earnings. The District Court ruled in favor of Weinstock on the WPCL claim.

Both Tomasko and Weinstock then moved for attorney's fees. The District Court denied both motions, and both parties appealed.

On October 17, 2003, this Court affirmed the District Court's judgments on the merits, but vacated the denial of attorney's fees because the District Court had not analyzed the attorney's fees motions using the five-factor test articulated by this Court in

Ursic v. Bethlehem Mines, 719 F.2d 670 (3d Cir. 1983). Additionally, while the District Court's December 18, 2001 decision had determined that Weinstock breached his fiduciary duty to Tomasko, the District Court's accompanying Order did not contain any relief for the breach. Therefore, this Court remanded for the District Court to, first, consider of the appropriateness of an award of attorney's fees using the Ursic test; and second, to clarify what equitable relief (if any) the District Court intended to award for the denial of benefits or breach of fiduciary duty. See Tomasko v. Weinstock, 80 F. App'x 779, 785 (3d Cir. Nov. 17, 2003).

On September 5, 2006, the District Court again denied each party's motions for attorney's fees, but granted Tomasko equitable relief in the form of pre-judgment interest for Weinstock's breach of fiduciary duty.

The parties have now each filed another appeal.

## II.

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) because this action arose under ERISA. See 28 U.S.C. § 1331; see also 29 U.S.C. § 1132(e)(1) (granting federal courts exclusive subject matter jurisdiction over ERISA actions). This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 because the District Court's September 5, 2006 Order, disposing of all the parties' claims, was a final order under Rule 54 of the Federal Rules of Civil Procedure.

4

Section 502(g)(1) of ERISA provides that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1).  Under section 502(g)(1), this Court "review[s] a District Court's award or denial of attorney's fees for abuse of discretion.  Our review of the legal standards a District Court applies in the exercise of its discretion is, however, plenary."  Ellison v. Shenango Inc. Pension Bd., 956 F.2d 1268, 1273 (3d Cir. 1992) (citing Student Pub. Interest Research Group v. A.T. & T. Bell Lab., 842 F.2d 1436, 1442 n.3 (3d Cir. 1988)).

## III.

We first address the District Court's statement of the standard for awarding attorney's fees in ERISA actions.  Next, we examine the District Court's application of three of the Ursic factors regarding Tomasko's appeal.  Finally, we engage Weinstock's claims on appeal.

## A.

In its September 5, 2006 opinion, the District Court stated that

> attorney's fees should not be received in an ERISA suit absent exceptional circumstances.  With only the first and fifth [Ursic] factors weighing slightly in favor of [Tomasko], the Court is not convinced that attorney's fees are warranted.  Therefore, after weighing all of the factors set forth by the Third Circuit Court of Appeals, the Court finds that an award of attorney's fees is not appropriate in this matter.

Joint Appendix (J.A.) 15.

5

This is an incorrect statement of the law. Instead, our rule is that "there is no *presumption* that a successful plaintiff in an ERISA suit should receive an award [of attorney's fees] in the absence of exceptional circumstances." McPherson v. Employees' Pension Plan of Am. Re-Ins. Co., Inc., 33 F.3d 253, 254 (3d Cir.1994) (emphasis added). This is very different from a presumption that prevailing plaintiffs are *not* entitled to attorney's fees "*absent* exceptional circumstances." J.A. 15 (emphasis added). In fact, "the defendant in an ERISA action usually bears the burden of attorney's fees for the prevailing plaintiff or plaintiff class, thus 'encourag[ing] private enforcement of the statutory substantive rights, whether they be economic or noneconomic, through the judicial process.'" Brytus v. Spang & Co., 203 F.3d 238, 242 (3d Cir. 2000) (quoting Report of the Third Circuit Task Force, Court Awarded Attorney Fees 15 (Oct. 8, 1985), reprinted at 108 F.R.D. 237, 250).[1]

The standard for granting attorney's fees in ERISA cases is a legal standard subject to plenary review. See Brytus, 203 F.3d at 244 ("whether the District Court applied the proper standard in making its discretionary determination is a question of law

---

[1] The concept of "exceptional circumstances" in the fee award context derives from the Civil Rights statutes, where a presumption attaches that, absent "special circumstances," successful plaintiffs should receive attorney's fees. See, e.g., Albemarle Paper Co. v. Moody, 422 U.S. 405, 415 (1975) (Title VII); Newman v. Piggie Park Enters., 390 U.S. 400, 402 (1968) (Title II). In Ellison, however, we decided against instituting a similar presumption for prevailing ERISA plaintiffs, because the role of ERISA plaintiffs is distinguishable from the "private attorneys general" role that plaintiffs play in the enforcement of the Civil Rights laws. See 956 F.2d at 1274.

6

subject to plenary review"); Ellison, 956 F.2d at 1273; Student Pub. Interest Research Group, 842 F.2d at1442 n. 3; Rode v. Dellarciprete, 892 F.2d 1177, 1182 (3rd Cir. 1990). The District Court's understanding of the standard may well have an impact on its grant or denial of attorney's fees. Thus we will vacate the District Court's denial of Tomasko's attorney's fee motion and remand for application of the proper standard for attorney's fee awards in ERISA cases.

B.

We proceed to the District Court's application of the Ursic factors to Tomasko's attorney's fee motion to guide the District Court's analysis on remand.

Under Ursic, the District Court must consider the following five factors in deciding whether to grant attorney's fees in ERISA cases:

> (1) the offending parties' culpability or bad faith;
> (2) the ability of the offending parties to satisfy an award of attorneys' fees;
> (3) the deterrent effect of an award of attorneys' fees against the offending parties;
> (4) the benefit conferred on members of the pension plan as a whole; and
> (5) the relative merits of the parties' position.

Ursic, 719 F.2d at 673 (citations omitted). A District Court must consider all five Ursic factors, see Anthuis v. Colt Indus. Operating Corp., 971 F.2d 999, 1011 (3d Cir. 1992), and its consideration of the factors is reviewed for abuse of discretion, see Ellison, 956 F.2d at 1273. Abuse of discretion occurs "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court." Ursic, 719 F.2d at 675.

7

In addition, there is an "abuse, or more accurately a 'misuse,' of discretion where the trial court utilizes improper standards or procedures . . . . In sum, if the District Court has applied the correct criteria to the facts of the case, then, it is fair to say that we will defer to its exercise of discretion." Id. Tomasko argues that the District Court abused its discretion regarding the first, second, and third Ursic factors.

1.

The District Court must first consider "the offending parties' culpability or bad faith." Id. at 673. Here, the District Court held that both parties exhibited culpable conduct. Weinstock was culpable in two ways: he breached his fiduciary duty to Tomasko out of resentment for Tomasko's resigning to open a competing law firm; and Weinstock did not believe that he was treating Tomasko the same as other participants in the plans. Meanwhile, Tomasko "exhibited culpable conduct by intentionally misleading" Weinstock regarding Tomasko's future plans of employment. The District Court recognized, however, that Tomasko's "culpable conduct" was "not material to the [ERISA] claims." Accordingly, since both parties were culpable, but Tomasko's culpability was immaterial, the District Court found the first factor to "weigh slightly in favor" of Tomasko.

Tomasko argues that the District Court abused its discretion on the first factor by not weighing it more heavily in his favor. Tomasko asserts that, given Weinstock's culpable conduct, the District Court could conclude that the first factor just slightly

8

favored Tomasko only if it gave weight to what the court described as Tomasko's culpable conduct. But, Tomasko argues, culpable conduct that is "immaterial" to an ERISA violation should not be accorded <u>any</u> weight in a first <u>Ursic</u> factor analysis, precisely because any such culpability had nothing to do with the ERISA violations at the heart of the case.

Tomasko is correct. Other decisions of this Court, when analyzing <u>Ursic</u>'s first factor, have only considered good or bad faith which had a direct bearing on the plaintiff's obtaining, or the defendant's withholding, of the ERISA benefits at issue. <u>See</u> <u>McPherson</u>, 33 F.3d at 257-58; <u>Ellison</u>, 956 F.2d at 1275-76; <u>Monkelis v. Mobay Chem.</u>, 827 F.2d 935, 936-37 (3d Cir. 1987); <u>Groves v. Modified Ret. Plan for Hourly Paid</u> <u>Emps. of Johns Manville Corp and Subsidiaries</u>, 803 F.2d 109, 119 (3d Cir. 1986) (section 503 claim).

Here, by contrast, the "culpability" of Tomasko to which the district referred had to do with Tomasko's behavior in changing jobs. It had nothing to do with whether Tomasko earned the disputed compensation in 1996 or 1997. Tomasko did not, for example, change the dates on his client memos to make them reflect work done in 1996 that was actually done in 1997. It is unreasonable for a fact-finder, charged with examining culpability regarding an ERISA claim, to describe as "culpable" conduct that has nothing to do with ERISA liability. Therefore, because Tomasko's culpability was irrelevant to the ERISA claims at issue, the District Court abused its discretion by

9

considering what it conceded to be facts "not material to the [ERISA] claims" in its analysis of Ursic's first factor. J.A. 12.

2.

The second Ursic factor requires the District Court to examine "the ability of the offending parties to satisfy an award of attorneys' fees." 719 F.2d at 673. The District Court decided that because neither Tomasko nor Weinstock appeared to be of limited means, because both are lawyers working in the same geographical location, and because the requested fees did not appear too large, "[t]he ability or inability to pay can be construed in the same manner against either party." J.A. 13. Importantly, the District Court also held that both parties could be considered losing parties, as each prevailed on portions of the claims in the case. The District Court thus concluded that the second Ursic factor was neutral.

Tomasko argues that the District Court erred by focusing on both parties' ability to pay, not just Weinstock's. Tomasko claims that, as a prevailing plaintiff, his own ability to pay is "irrelevant to the court's inquiry." Ellison vacated and remanded a District Court's denial of attorney's fees to a prevailing plaintiff. 956 F.2d at 1277. In so doing, the Court held that it was legal error to apply the ability to pay factor to the prevailing party. Id. We noted that the prevailing party's "ability to pay is irrelevant to the court's inquiry into the propriety of requiring an offending party to pay a prevailing party's attorney's fees and contradicts the statutory purpose of ERISA to protect pension

10

benefits." Id. Moreover, since the non-prevailing defendant in Ellison "d[id] not dispute the sufficiency of the Plan's assets to cover an award of fees in this case, the District Court should have resolved the second Ursic factor in favor of an award of fees" to the plaintiff. Id.

Here, the District Court was confronted with two separate fee petitions. We understand that the District Court's inquiry into Tomasko's ability to pay arose from its holding that each party was both "prevailing" and "non-prevailing." See J.A. 12 ("As noted above, both parties can be considered a losing party since each prevailed on portions of the claims."). When considering Tomasko's fee petition based on his status as a prevailing party, however, the District Court was required to consider only the ability of the offending party to satisfy an award of attorney's fees. See Ursic, 719 F.2d at 673. In the context of Tomasko's fee petition, the "offending party" was Weinstock, and Tomasko's "ability to pay" is irrelevant. Rather, the focus should be on whether Weinstock has the means to pay an award to Tomasko. By contrast, Tomasko's ability to pay an award of attorney's fees becomes relevant only in considering Weinstock's fee petition and determining whether to award Weinstock attorney's fees. Accordingly, the District Court abused its discretion by not focusing separately on the "offending party" in each fee petition, and by inquiring into Tomasko's ability to pay when considering Tomasko's fee petition. The second Ursic factor forbids inquiry into the pocket of the

11

prevailing party. See Ellison, 956 F.2d at 1277. For purposes of analyzing whether Tomasko should be awarded attorney's fees, the prevailing party was Tomasko.

3.

Ursic next requires the District Court to analyze "the deterrent effect of an award of attorneys' fees against the offending parties." 719 F.2d at 673. In its opinion, the District Court did not address Tomasko's argument that a fee award against Weinstock would deter Weinstock from future ERISA violations. Instead, the District Court only discussed (and rejected) Weinstock's argument that a fee award against Tomasko would deter Tomasko from filing what Weinstock described as baseless claims. J.A. 13-14. Accordingly, the District Court held only that the deterrence factor weighed against an award in favor of Weinstock. The court did not make any determinations regarding an award in favor of Tomasko.

In his appeal, Tomasko points out that, in fact, he did argue (in his fee petition brief) that granting attorney's fees in his favor would deter Weinstock, and he reproduces that portion of his fee petition brief argument in his brief to this Court. Tomasko notes that the District Court's omission may have resulted from its reference to the wrong docket number: in its September 5, 2006 Opinion, the District Court cited repeatedly to Docket No. 117, which was, in fact, Tomasko's brief in opposition to Weinstock's fee award motion. The District Court appears to have ignored Docket No. 107, however, which was Tomasko's brief in support of his own fee award motion.

12

By not considering Tomasko's arguments on the deterrent value of a fee award in his favor, the District Court abused its discretion. The District Court acted arbitrarily and did not utilize proper procedures for considering cross motions when it ignored Tomasko's fee award motion and examined only Tomasko's opposition to Weinstock's fee award motion. See Ursic, 719 F.2d at 675 (abuse of discretion occurs "when the judicial action is arbitrary, fanciful or unreasonable," or where the trial court "utilizes improper standards or procedures").

C.

Weinstock also appeals the District Court's denial of his attorney's fee motion. This appeal is utterly without merit, because Weinstock merely makes summary complaints that the District Court did not assign the correct weights to three Ursic factors, and does not describe how these alleged miscalculations amounted to abuse of discretion. Because all of Weinstock's arguments assert mistakes in applying the facts to the Ursic factors, we review for abuse of discretion. See Brytus, 203 F.3d at 244; Ellison, 956 F.2d at 1273.

Weinstock first claims that "[t]he Court erred when it opined that there is evidence that Weinstock engaged in culpable conduct." Weinstock Br. at 17. He asserts that if he had in fact been motivated by bad faith, he would not have paid Tomasko anything, and the fact that he gave Tomasko the $6,100.00 is evidence of Weinstock's good faith.

The District Court's conclusion to the contrary is not an abuse of discretion. The District Court's decision – reached after conducting a two-day bench trial – that Weinstock was at least somewhat culpable, based on his violations of ERISA, is not unreasonable, and Weinstock gives us no reasoning, beyond one conclusory sentence, why it would be.

Next, Weinstock argues that the District Court erred when it held that the third Ursic factor – deterrence – weighed against an award to Weinstock. Because the pension plan at issue in this case no longer exists, Weinstock argues that there is nothing from which he can be deterred. But Weinstock misinterprets the District Court's holding. As discussed above, the District Court did not rule on Tomasko's motion for deterrence against Weinstock – it only ruled on Weinstock's motion for deterrence against Tomasko. In any event, simply because Weinstock may no longer be deterred with respect to the specific plan at issue in this case does not mean that he cannot be deterred from committing ERISA violations in the event he operates pension plans in the future. Accordingly, Weinstock's argument misses the mark, and does not show abuse of discretion.

Finally, Weinstock claims that the District Court did not weigh properly the merits of the parties' respective positions. The District Court held that this factor weighed slightly in favor of Tomasko. Because Weinstock prevailed in part, and because Tomasko, according to Weinstock's calculation, only received 3.5% of his original damages demand, Weinstock argues that the District Court should have held that this factor weighed in favor

14

of Weinstock. We must remember, though, that "[o]ne seeking to establish [] an abuse of discretion . . . assumes a heavy burden," and "the appellate court may not upset a trial court's exercise of discretion on the basis of a visceral disagreement with the lower court's decision." Ursic, 719 F.2d at 675. Weinstock's argument cannot carry this burden. The District Court weighed the parties' relative success, and even if its calculation was different than our own might be, the scales were square. It thus cannot be said from the record that the District Court abused its discretion on this point.

Therefore, the District Court's treatment of Weinstock's fee petition will be affirmed.

IV.

For the foregoing reasons, we will vacate the District Court's resolution of Tomasko's attorney's fee petition and remand for consideration in accordance with this opinion. We will affirm the decision of the District Court with respect to Weinstock's attorney's fee petition.