NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In Re **EHUD ARBIT, ISAAC RUBINSTEIN,**
*Petitioners*

2026-131

On Petition for Writ of Mandamus to the United States District Court for the District of New Jersey in No. 2:21-cv-11088-EP-AME, Judge Evelyn Padin.

**ON PETITION**

Before LOURIE, CHEN, and STARK, *Circuit Judges*.

STARK, *Circuit Judge*.

**O R D E R**

Petitioners Ehud Arbit and Issac Rubinstein ("Petitioners"), defendants in an action pending in the United States District Court for the District of New Jersey, seek a writ of mandamus directing the district court to vacate its December 27, 2025 order disqualifying Banner & Witcoff, Ltd. and Saiber, LLC (collectively, "Counsel") from representing Petitioners in the underlying action. Dr. Ziv Harish, plaintiff in the district court, opposes. For the following reasons, we deny the petition.

## I

Both of the Petitioners as well as Dr. Harish are named inventors of U.S. Patent No. RE46,823 ("the '823 patent"), which relates to an allergy testing device. Dr. Harish filed this action in 2021 against Petitioners asserting a claim for correction of inventorship under 35 U.S.C. § 256, alleging that he is the sole inventor of the '823 patent.

Non-party Lincoln Diagnostics, Inc. ("Lincoln") has paid Petitioners' legal fees in this action. Soon after Dr. Harish filed his complaint, Petitioners and Lincoln entered into agreements with Banner & Witcoff memorializing their common interest and purporting to waive any conflicts of interest. Appx49. Petitioners and Lincoln executed similar documents with Saiber. Thereafter, Lincoln participated in this action, at least in settlement discussions, via Counsel's representation.

At the center of the disqualification dispute is an assignment agreement ("Agreement") between Lincoln and Petitioners. Under that Agreement, Petitioners assigned their rights in the '823 patent to Lincoln. Appx28. Petitioners further warranted that they owned all rights and title to the interests assigned and promised to "do all things necessary to aid Lincoln to obtain and enforce for its own benefit, ownership of and patent protection for" the '823 patent. Appx137. Petitioners additionally agreed to refund all amounts paid to them under the Agreement in the event they were found to have breached the Agreement. For its part, Lincoln agreed to indemnify Petitioners for challenges to their inventorship of the '823 patent.

In late 2023, after initially rebuffing Dr. Harrish's inquiries, Petitioners disclosed that Lincoln was paying Counsel's legal fees. In February 2024, Dr. Harish moved to disqualify Counsel. On January 25, 2025, a magistrate judge to whom the motion was assigned granted the

motion.  Relying on Rules 1.7(a) and 1.8(f) of the New Jersey Rules of Professional Conduct ("New Jersey Rules"),[1] the magistrate judge concluded Counsel's representation of both Lincoln and Petitioners created an impermissible conflict that could not be waived because "Lincoln has influenced decisions during the course of this litigation." Appx71.

Petitioners and Lincoln then amended the Agreement to, among other things, clarify that an adverse outcome in this action would not constitute a breach of the Agreement by Petitioners.  Petitioners then sought reconsideration of the disqualification order, which was denied.  The magistrate judge reiterated his view that the Agreement materially limited Counsel's scope of advocacy and loyalty to Petitioners.  On review, the district judge adopted the magistrate judge's findings.  The district judge agreed that the representation of Petitioners "is materially limited by Defense Counsel's loyalty to Lincoln and by their responsibility to advance Lincoln's interests," Appx38, and further agreed that disqualification was the proper remedy.

Petitioners now seek mandamus review of the disqualification order.  We have jurisdiction pursuant to 28 U.S.C. §§ 1295(a)(1), 1651.

II

A party seeking a writ of mandamus bears the burden of proving (1) it has "no other adequate means to attain the relief [it] desires," (2) the right to the writ is "clear and indisputable," and (3) "the writ is appropriate under the circumstances."  *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S.

---

[1]    The District of New Jersey has adopted the Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court.  Local Civil Rule 103.1(a); *see also In re Boy Scouts of Am.*, 35 F.4th 149, 159 (3d Cir. 2022).

367, 380-81 (2004). When reviewing matters (including mandamus petitions) not unique to patent law, this court applies the law of the regional circuit, which here is the United States Court of Appeals for the Third Circuit. *See In re Shared Memory Graphics LLC*, 659 F.3d 1336, 1340 (Fed. Cir. 2011). Under Third Circuit law, a disqualification decision is generally committed to the sound discretion of the district court. *See United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir. 1980). The same is true of motions to reconsider. *See Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 186 (3d Cir. 2021). Under Third Circuit law, an "[a]buse of discretion occurs when the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Chao v. Cmty. Tr. Co.*, 474 F.3d 75, 79 (3d Cir. 2007) (internal quotation marks omitted).

Under Third Circuit law, an abuse of discretion occurs "when the judicial action is arbitrary, fanciful or unreasonable" or "where the trial court utilizes improper standards or procedures." *Tomasko v. Ira H. Weinstock, P.C.*, 255 Fed. Appx. 676, 681 (3d Cir. 2007). "A court necessarily abuses its discretion when its ruling rests on an error of law." *Lundeen v. 10 W. Ferry St. Operations LLC*, 156 F.4th 332, 337 (3d Cir. 2025).

### III

Petitioners have not shown the district court committed a clear abuse of discretion. For at least that reason, they have likewise failed to demonstrate that mandamus relief is warranted.

Under the New Jersey Rules, Counsel could not accept fees from Lincoln if there was a significant risk that doing so could materially limit or interfere with Counsel's representation of Petitioners' interests. *See* N.J.R.P.C. 1.8(f)(2) (prohibiting lawyer from accepting compensation for representing client from anyone other than the client *unless* "there is no interference with the lawyer's independence of

professional judgment or with the lawyer-client relationship"); *see also* N.J.R.P.C. 1.7(a) (prohibiting representations involving concurrent conflict of interest where "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client"); N.J.R.P.C. 1.7(b) (allowing for representation, with proper consent, of clients having known concurrent conflict *only if* lawyer reasonably believes that she will be able to provide competent and diligent representation to each); N.J.R.P.C 5.4(c) (prohibiting "a person who . . . pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services"); *see also MaxLite, Inc. v. ATG Elecs., Inc.*, 2024 WL 1526749 (3d Cir. 2024) (nonprecedential) (noting these rules ensure that third-party payer does not "influence the course of the litigation").

Whatever force Petitioners' arguments might have under a less demanding standard of review, we cannot say they have shown entitlement to mandamus relief to disturb what amounts to a case-specific discretionary judgment that Counsel violated the applicable rules. The magistrate judge plausibly found both that the terms of the Agreement "convey the dominance of Lincoln's interests to the subordination of [Petitioners'] interests," and also that Lincoln had been "directing, regulating, and interfering with . . . Counsel's professional judgment in its representation of" Petitioners, as evidenced by, among other things, Lincoln's involvement in the denial of settlement offers that would not have furthered Lincoln's interests. Appx62, 66. We are not prepared to say that the district judge clearly and indisputably erred in adopting the magistrate judge's findings, which suffice to establish a plausible basis for the district court's exercise of discretion here.

Nor can we say that the decision to disqualify Counsel was clearly arbitrary or erroneous. *See United States v. Stewart*, 185 F.3d 112, 120 (3d Cir. 1999). The court

reviewed all the relevant factors on the record before it and reasonably balanced those weighing for and against disqualification. *See id.* (describing this standard). The district court noted, for example, that Petitioners can now retain new counsel, who will be able to familiarize themselves with the case (which is of limited scope) and that any prejudice to Petitioners is limited and at least partially self-inflicted, given their delay in disclosing Lincoln's involvement. The court also considered alternatives to disqualification but found them inadequate.

Finally, the magistrate judge did not abuse its discretion in denying Petitioners' motion for reconsideration.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

April 21, 2026
Date