OPINION OF THE COURT
JORDAN, Circuit Judge.
This case, before us for a third time, involves an appeal from an order of the *473 United States District Court for the Middle District of Pennsylvania awarding attorneys’ fees to appellee Ronald T. Tomas-ko, who prevailed in part on his claims under the Employee Retirement Income Security Act (“ERISA”) against his former employer, Ira H. Weinstock, P.C., and its principal, Ira H. Weinstock (collectively ‘Weinstock”). Weinstock also appeals the District Court’s amendment of its order, which allowed the portion of fees originally owed to Attorney Michael A. Koranda to be paid to the law firm of Tomasko & Koranda, P.C. For the following reasons, we will affirm.
I. Background
As the facts are well known to the parties, we recount here only those facts necessary for the disposition of the present appeal.[1] Tomasko was employed as an associate with the law firm Ira H. Wein-stock, P.C. from August 13, 1991 through his resignation on January 2, 1997. He participated in two defined contribution pension plans during his employment, the Ira H. Weinstock Money Purchase Plan and the Ira H. Weinstock Profit Sharing Plan. Ira H. Weinstock, P.C. functioned as the plans’ sponsor and administrator while Mr. Weinstock acted as trustee of the plans. Both plans provided that the employer’s contributions for a given employee for each plan year ending on December 31 would be determined based on the employee’s W-2 compensation for that plan year. The plans require the employee to remain employed for the entirety of the plan year in order to receive contributions.
In 1993, Weinstock agreed to give To-masko a $3,000 salary increase, paid in biannual bonuses, and to award Tomasko additional bonuses, in amounts left to Weinstock’s discretion, based on work that Tomasko would do and for which he would submit proof when he requested such a bonus. Tomasko resigned on January 2, 1997 to begin his own law firm, after misleading Weinstock as to his intention to remain employed by Ira H. Weinstock, P.C. Before resigning, however, he submitted a request for a bonus in the amount of $14,200.00 for his work on cases that were settled in the fourth quarter of 1996. On January 17, 1997, Mr. Weinstock, in his discretion, had the firm pay Tomasko a bonus of $6,100.00 ($1,500.00 of which represented Tomasko’s bi-annual bonus), which was included as income on Tomas-ko’s 1997 W-2 instead of his 1996 W-2. Since Tomakso resigned before the end of 1997, Weinstock was thus able to avoid making a contribution to the plans based on this $6,100.00.
Tomasko sued Weinstock, eventually asserting three claims: (1) a claim pursuant to the Pennsylvania Wage Payment and Collection Law (“WPCL”), 42 Pa. Cons. Stat. § 260.1, et seq. to collect the additional $8,100 Tomasko believed was owed to him; (2) an ERISA claim to recover benefits due under the pension plans for the $6,100 Tomasko earned and the additional $8,100 he believed he was owed, see 29 U.S.C. § 1132(a)(1)(B); and (3) an ERISA claim for breach of fiduciary duty, see 29 U.S.C. § 1132(a)(2). On December 18, 2001, after a bench trial, the District Court found in favor of Tomasko on his ERISA claim to recover pension benefits, concluding that Weinstock owed contributions to the pension plans for the $6,100.00.[2] In so *474 holding, the Court rejected Weinstock’s interpretation of the plans — that contributions were not due until compensation was paid as opposed to earned — because such an interpretation was inconsistent with the way Weinstock normally made contributions under the plans. Additionally, the Court concluded that Weinstock breached a fiduciary duty “by deliberately not making the appropriate contribution to [To-masko’s] pension accounts on money earned in 1996,” based on “resentment toward [Tomasko] for resigning.”[3] However, the District Court rejected Tomasko’s WPCL claim because Tomasko failed to prove that he was entitled to any compensation beyond the $6,100 he had already received from Weinstock.
Both Tomasko and Weinstock subsequently moved for attorneys’ fees. The District Court concluded that, since each side prevailed on half of its case, neither party was entitled to fees. On appeal, we affirmed the District Court’s judgment but vacated its order on attorneys’ fees because the District Court failed to undertake the five factor analysis governing the availability of fee awards in an ERISA litigation, set forth in our opinion in Ursic v. Bethlehem Mines, 719 F.2d 670 (3d Cir.1983).[4] Tomasko I, 80 Fed.Appx. at 785. We therefore remanded the matter “to the District Court for consideration of the Ursic factors.” Id. at 783 (footnote omitted).
On remand, the District Court again denied attorneys’ fees in a September 5, 2006 memorandum and order. The District Court analyzed the Ursic factors, concluding that, although the factors weighed slightly in favor of Tomasko, it would not order fees to either party due to a lack of exceptional circumstances warranting a fee. The parties cross-appealed the Court’s denial of fees. Tomasko II, 255 Fed.Appx. at 678.
We affirmed the District Court’s refusal to award fees to Weinstock but vacated and remanded the portion of the District Court’s decision denying fees to Tomasko. Id. We concluded that the District Court misstated the law, and that its error might have impacted the Court’s ruling. Id. at 680-81. Additionally, we found that the District Court erred in its application of three of the Ursic factors as to Tomasko’s motion for attorneys’ fees. Id. at 681-82.
On January 15, 2008, in light of our mandate, the District Court issued an order granting counsel twenty days to update the amount of counsel fees claimed. On January 28, 2008, Tomasko submitted an addendum to his motion for attorneys’ fees. The addendum included an up-to-date account of the time that Michael A. Koranda, lead counsel for Tomasko, had spent on the case and an account of the time invested by Kathryn L. Simpson, who took over the case after Koranda’s untimely death in December 2006. The time sheets included hours spent on post-trial motions and appeals. Weinstock never filed a response. After holding oral argument on June 26, 2008, the Court issued a July 29, 2008, 2008 WL 2962909, memorandum and order granting attorneys’ fees to Tomasko. Taking the Ursic factors together, the Court found that Tomasko was entitled to recover attorneys’ fees.
In calculating the fee, the Court first concluded that Koranda and Simpson’s hourly rates were reasonable. Next, the *475 Court apportioned Koranda’s fees through trial to account for the fact that Tomasko was only partially successful on his claims. In this regard, the Court only allowed recovery for the time Koranda spent through trial on Tomasko’s ERISA claim for pension contributions as to the $6,100.[5] Ultimately, the District Court awarded $40,712.50 to Koranda, $4,416.00 to Simpson and $117.70 in costs. The fees awarded also included time spent on post-trial motions and appeals, which were not apportioned, even though Tomasko never sought to recover such fees in his original motion for fees.
Tomasko thereafter moved to amend or correct the Court’s judgment to allow for the fees owed to Koranda to be paid to the law firm of Tomasko & Koranda, P.C. in light of Koranda’s untimely death in December of 2006. On August 12, 2008, the District Court amended its judgment accordingly, allowing the $40,712.50 in fees owed to Koranda to be paid to Tomasko & Koranda, P.C. Meanwhile, Weinstock filed a motion for reconsideration of the Court’s July 29, 2008 order awarding attorneys’ fees. The Court denied Weinstock’s motion on November 21, 2008, 2008 WL 5068951, explaining that it had properly applied the Ursic factors, properly apportioned the unsuccessful claims from the successful ones, and that it need not address Weinstock’s objections to specific time entries because Weinstock failed to raise those objections in briefs or at oral argument. Weinstock timely appealed.[6]
II. Discussion[7]
A The District Court Did Not Abuse Its Discretion in Awarding Attorneys’ Fees to Tomasko
Section 502(g)(1) of ERISA provides that a district court “in its discretion may allow a reasonable attorney’s fee and costs of action to either party.” 29 U.S.C. § 1132(g)(1). In determining whether such a fee award is warranted pursuant to this provision, a district court must consider the following five factors, referred to as the Ursic factors:
(1) the offending parties’ culpability or bad faith;
(2) the ability of the offending parties to satisfy an award of attorneys’ fees;
(3) the deterrent effect of an award of attorneys’ fees against the offending parties;
(4) the benefit conferred on members of the pension plan as a whole; and
(5) the relative merits of the parties’ positions.
Ursic, 719 F.2d at 673. Although there is “no presumption that a successful plaintiff *476 in an ERISA suit should receive an award in the absence of exceptional circumstances,” McPherson v. Employee’s Pension Plan of Am. Re-Insurance Co., 33 F.3d 253, 254 (3d Cir.1994), we have acknowledged that ERISA defendants often bear the burden of attorneys’ fees for a prevailing plaintiff, Brytus v. Spang & Co., 203 F.3d 238, 242 (3d Cir.2002); see also Tomasko II, 255 Fed.Appx. at 680 (explaining that prevailing ERISA plaintiffs often recover fees even though there is no presumption in favor of a fee award). We review a district court’s award of attorneys’ fees for abuse of discretion. McPherson, 33 F.3d at 256. Our review of the legal standards applied by a district court, however, is plenary. Id.
Weinstock first argues that the District Court’s fee award is based on the misconception that Tomasko was entitled to a fee simply because he prevailed on certain of his claims. There is, however, nothing in the Court’s opinion indicating that the Court felt it was required to grant Tomas-ko attorneys’ fees because of his partial success in this excruciatingly drawn-out litigation. To the contrary, the District Court correctly noted that a successful plaintiff in an ERISA litigation is not entitled to a fee award solely because he prevails on his case. The Court accurately set forth the governing law, clearly appreciating that the propriety of a fee award turned on its analysis of the Ursic factors.
It is rather Weinstock who misapprehends the law. Weinstock argues that, since no exceptional circumstances exist in the case, Tomasko is not entitled to fees. But, as we explained in Tomasko II, although a prevailing plaintiff receives no presumption that he is entitled to fees, “[t]his is very different from a presumption that prevailing plaintiffs are not entitled to attorney’s fees absent exceptional circumstances.” Tomasko II, 255 Fed.Appx. at 680 (internal quotations omitted and emphasis in original). Indeed, we attributed error to the District Court’s analysis then because it involved the same faulty understanding of law that Weinstock now urges us to apply. Id.
Weinstock next argues that the District Court improperly applied three of the five Ursic factors: the first factor (the offending parties’ bad faith), the third factor (deterrence) and the fifth factor (relative merits of the parties’ positions). All of those contentions fail.
Weinstock complains that the District Court misapplied the first Ursic factor— the offending parties’ bad faith — because the Court “improperly looked only at To-masko’s conduct, failed to examine the material nature of Tomasko’s conduct as it relates to the ERISA count and further abused its discretion when finding that this factor supported an award of counsel fees.” (Appellants’ Op. Br. at 19.) Although Weinstock is correct that the District Court was required to consider Wein-stock’s conduct in assessing the first factor, it is clear that the District Court intended its July 29, 2008 opinion to be read in conjunction with its September 5, 2006 memorandum. In its September 5, 2006 memorandum, the Court found that Wein-stock acted culpably because Mr. Wein-stock and his firm “not only breached their Fiduciary Duty by treating the $6,100 payment as compensation for 1997, but in doing so acted out of resentment and did not possess a belief that they were treating Plaintiff the same as other participants of the plan.” (App. at 120.) However, since the Court also found that Tomasko had been misleading about his plans for future employment, the Court concluded that the first factor only “slightly” weighed in favor of an award. In our consideration of the case on appeal, we explained in Tomasko II that the District Court abused its discretion in considering Tomasko’s conduct in this regard because “[i]t is un *477 reasonable for a fact-finder, charged with examining culpability regarding an ERISA claim, to describe as ‘culpable’ conduct that has nothing to do with ERISA liability.”[8] 255 Fed.Appx. at 682. On remand, the District Court removed Tomasko’s misrepresentation from its calculus, finding that, thereafter, the first Ursic factor “weighs in favor of [Tomasko] for an award of fees,” as opposed to slightly weighing in favor of Tomasko. (App. at 9.)
Although it would have been preferable for the District Court to have repeated its earlier conclusions as to Weinstock in its July 29, 2008 memorandum, we cannot ascribe error to the Court’s analysis, when viewed in the context of the prior history of this case. Furthermore, as we noted in Tomasko II, it was appropriate for the District Court to characterize Weinstock’s breach of fiduciary duty as culpable conduct supportive of a fee award. See To-masko II, 255 Fed.Appx. at 681 (“Wein-stock was culpable in two ways; he breached his fiduciary duty to Tomasko out of resentment for Tomasko’s resigning to open a competing law firm; and Wein-stock did not believe that he was treating Tomasko the same as other participants in the plans.”); see also McPherson, 38 F.3d at 256-57 (“[C]ulpable conduct is commonly understood to mean conduct that is ‘blameable; censurable; ... at fault; involving the breach of a legal duty or the commission of a fault ....’” (alterations in original and emphasis added) (quoting Black’s Law Dictionary (6th ed.1990))).
Weinstock next argues that the District Court misapplied the third Ursic factor— the deterrent effect of an award of attorneys’ fees against the offending parties— because the Court’s conclusion that “attorney’s fees may deter [Weinstock] from similar actions,” (App. at 10 (emphasis added)), in the future is insufficient, on its own, to tilt this factor toward Tomasko. We find nothing erroneous about the District Court’s conclusion. The Court recognized that Weinstock’s behavior in this case appeared to be a one-time event, but still concluded that an award would serve to deter Weinstock, should a similar scenario develop in the future. In light of the Court’s finding that Weinstock’s failure to make contributions for the $6,100.00 of earnings was a deliberate act motivated by resentment, we cannot say that an award would not serve to deter Weinstock from again allowing resentment to stand in the way of fulfilling its fiduciary duties.
Finally, Weinstock asserts that the District Court misapplied the fifth Ursic factor — the relative merits of the parties’ positions — when the Court found this factor to weigh slightly in favor of Tomasko. In Tomasko II, we concluded that the District Court did not abuse its discretion in its application of that factor. Tomasko II, 255 Fed-Appx. at 684 (“The District Court weighed the parties’ relative success, and even if its calculation was different than our own might be, the scales were square.”). Since that holding constitutes the law of the case on this issue, as Wein-stock acknowledged at oral argument before the District Court, we will not revisit the matter. See In re Pharmacy Benefit Managers Antitrust Litig., 582 F.3d 432, 439 (3d Cir.2009) (“The law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.” (alterations and internal quotations omitted)).
*478 In conclusion, we find no abuse of discretion in the District Court’s analysis of the Ursic factors. Accordingly, we will affirm the District Court’s decision to award Tomasko attorneys’ fees.

B. Amount of the Fee Award

Weinstock also takes issue with the District Court’s calculation of the fee award. Reasonable attorneys’ fees in an ERISA litigation are calculated using the lodestar approach, which yields a presumptively reasonable fee. Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 310 (3d Cir.2008). “Under the lodestar approach, a court determines the reasonable number of hours expended on the litigation multiplied by a reasonable hourly rate.” Id. However, “where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.” Hensley v. Eckerhart, 461 U.S. 424, 440, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The party seeking a fee award bears the burden of establishing the reasonableness of the fee. Interfaith Cmty. Org. v. Honeywell Int’l, Inc., 426 F.3d 694, 703 n. 5 (3d Cir.2005). “We review a district court’s award of fees for abuse of discretion and review a district court’s factual determinations, ‘including [the court’s] determination of an attorney’s reasonable hourly rate and the number of hours he or she reasonably worked on the case,’ for clear error.” United Auto. Workers Local 259 Soc. Sec. Dep’t v. Metro Auto Ctr., 501 F.3d 283, 290 (3d Cir.2007) (quoting Interfaith Cmty. Org., 426 F.3d at 703 n. 5) (alteration in original).
Weinstock does not challenge the reasonableness of Koranda and Simpson’s hourly rates. Instead, Weinstock challenges the amount of the fee award relative to Tomasko’s overall recovery and the District Court’s refusal to disallow certain time entries. First, Weinstock complains that the District Court’s award bears no relationship to the amount Tomasko recovered in the underlying litigation, rendering the fee award punitive. In making this argument, Weinstock relies heavily on our statement in Ursic that, in awarding a fee pursuant to a statutory authorization, “[c]are must be exercised to assure that the statutory purpose of encouraging [plaintiffs without adequate financial resources to litigate] is not achieved at the price of a fee award so out of proportion to the severity of the defendant’s violation that it amounts to an excessively punitive sanction.” Ursic, 719 F.2d at 677.
Despite Ursic’s language, we have recently “rejected] a proportionality rule for attorney’s fees awarded under ERISA.” Hahnemann Univ. Hosp., 514 F.3d at 311; cf. United Auto. Workers Local 259 Soc. Sec. Dep’t, 501 F.3d at 293-92 (rejecting the argument that fee award in ERISA litigation made pursuant to § 1132(g)(2)(D) must be proportional to recovery). We have also clarified Ursic, explaining that, although Ursic “remains good law insofar as it suggests courts consider ‘billing judgment’ in determining reasonable hours,” it does not stand for the proposition that “all fees must be proportional to be reasonable.” United Auto. Workers Local 259 Soc. Sec. Dep’t, 501 F.3d at 296; see also Ursic, 719 F.2d at 678 (“ ‘Billing judgment’ is a consideration well known to the responsible bar; it should not disappear when the courts are setting statutory fees.”). It is the degree of success, rather than the amount of recovery, that drives the fee analysis. United Auto. Workers Local 259 Soc. Sec. Dep’t, 501 F.3d at 296 (“Because the focus is on the ‘degree of success,’ and not success as defined in absolute numbers, this comparison [of the damages award to the fees requested] does not necessitate proportionality.”). Furthermore, a considerable portion of the fees awarded in this case *479 were incurred in connection with the prolonged nature of the litigation. Weinstock fought tooth and nail throughout the course of the case, including two appeals prior to the one before us now, despite minimal stakes. There is thus no merit, and no little irony, in the complaint that the fees Tomasko incurred as a natural consequence of that behavior are excessive when compared to the value of the underlying judgment.
Weinstock also asserts that the fee award is excessive because the instant litigation focused upon whether the parties’ compensation arrangement required Wein-stock to pay Tomasko the entirety of To-masko’s requested bonus. Since Tomasko did not succeed in establishing that he was entitled to recover an additional $8,100 from Weinstock, he did not prevail on his WPCL claim and his ERISA claim for pension contributions to the extent he sought to recover contributions based on the $8,100. However, the District Court took Tomasko’s limited success into account by reducing Koranda’s fees through trial by two-thirds so as to allow recovery only for those claims on which Tomasko succeeded.[9] We cannot say that the District Court’s apportionment, which clearly reduced the fees requested to account for Tomasko’s somewhat limited success, was clearly erroneous.
Next, Weinstock argues that the Court erred in failing to address objections to specific entries that Weinstock raised at the June 2008 oral argument. Weinstock never filed a response to Tomasko’s January 28, 2008 addendum to his motion for attorneys’ fees. Accordingly, we find that the specific objections that Weinstock raised for the first time at oral argument in the District Court have been waived. It would be unfair to permit Weinstock to prevail on arguments raised for the first time at oral argument, a method of proceeding that can deprive one’s opponent of any meaningful opportunity to respond.[10]
Finally, Weinstock contends that the District Court should not have awarded fees for time spent on post-trial work and on appeals because Tomasko never requested attorneys’ fees from our Court and because Tomasko’s request was untimely since he first sought to recover those fees in 2008. Weinstock represents that this argument was brought to the Court’s attention at oral argument. However, the record reflects only that counsel said,
As far as appeal, I believe that time should be looked at differently than the *480 work before the district court. No one is saying that — no one has claimed at least that any of the appeals were bad faith by either party. So I believe appeal time should be examined differently than the time that was done before your Honor at the district court level.
(App. at 208-09.) Since Weinstock never raised before the District Court the arguments made in this appeal, they are waived. See Huber v. Taylor, 469 F.3d 67, 74 (3d Cir.2006) (“Generally, failure to raise an issue in the District Court results in its waiver on appeal.”). Furthermore, even if Weinstock had raised that contention at the June 2008 oral argument, we would still consider it waived for the same reason that Weinstock’s objections to specific time entries are waived.

C. The District Court Did Not Err in Amending its Judgment

Weinstock also ascribes error to the District Court’s amendment of the judgment to allow fees owed to Koranda to be paid to the law firm of Tomasko & Koranda, P.C. Weinstock’s argument that there is no evidentiary basis to permit Tomasko & Koranda, P.C. to recover the fee is baseless. It is clear from Koranda’s affidavit that he was a shareholder of Tomasko & Koranda, P.C., that Tomasko & Koranda, P.C. was representing Tomasko in this litigation, and that Koranda functioned as lead counsel for Tomasko. Furthermore, Koranda’s time sheets bear the header “Tomasko & Koranda, P.C.,” reflecting that Koranda generated his fees while working on Tomasko’s lawsuit in his capacity as an attorney of Tomasko & Koranda, P.C.
More importantly, the District Court’s amendment was not erroneous because the fee award belongs to Tomasko, not Koranda. As noted above, pursuant to § 502(g)(1) of ERISA, a district court “in its discretion may allow a reasonable attorney’s fee and costs of action to either party.” 29 U.S.C. § 1132(g)(1) (emphasis added). The statutory language makes clear that the fee belongs to the “party” and not the attorney who represents that party. See Brytus, 203 F.3d at 242 (acknowledging in the ERISA context that “the statutory fee belongs to the litigating party”); see also Cent. States Se. and Sw. Areas Pension Fund v. Cent. Cartage Co., 76 F.3d 114, 115 (7th Cir.1996) (“Most fee-shifting statutes, including ERISA, direct the award to the litigant rather than the lawyer.” (emphasis in original)). Accordingly, the District Court’s amendment of its order was proper. Any interest Koran-da’s estate may or may not have in the fee is a matter to be resolved by Tomasko and the estate.

D. Motion for Reconsideration

We review a denial of a motion for reconsideration for abuse of discretion unless “that denial interprets and applies a legal precept, [in which case] our review is plenary.” In re Tower Air, Inc., 416 F.3d 229 (3d Cir.2005) (quoting Le v. Univ. of Pa., 321 F.3d 403, 405-06 (3d Cir.2003)). “The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.” Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985). The District Court’s November 21, 2008 memorandum makes clear that Weinstock raised the same arguments in his motion for reconsideration that he now advances on appeal. Since we have determined that the Court properly resolved Tomasko’s motion for attorneys’ fees, the District Court did not err in denying Weinstock’s motion for reconsideration.
III. Conclusion
In sum, the District Court did not abuse its discretion in awarding Tomasko attorneys’ fees nor did the District Court abuse *481 its discretion in calculating the amount of the fee. Accordingly, we will affirm its decisions in that regard. We will also affirm the District Court’s amendment of its July 29, 2008 order to allow the fees to be paid to Tomasko & Koranda, P.C.

. Additional facts can be found in our two prior opinions in this case Tomasko v. Ira H. Weinstock, P.C., 80 Fed.Appx. 779 (3d Cir.2003) (“Tomasko I ”) and Tomasko v. Ira H. Weinstock, P.C., 255 Fed.Appx. 676 (3d Cir. 2007) ("Tomasko II ”).

. According to Weinstock, the judgment on the ERISA claim ultimately entitled Tomasko *474 to a contribution of approximately $650.00.

. The District Court made this finding in ruling on post-trial motions, one of which pointed out that the Court had not considered Tomasko’s claim for breach of fiduciary duty in its December 18, 2001 findings of fact and conclusions of law.

. The five Ursic factors will be discussed in full in our discussion, infra pp. 8-9.

. Specifically, the Court treated Tomasko's ERISA claim to recover contributions as two separate claims (one as to the $6,100 and one as to the $8,100), one on which Tomasko succeeded and one on which he did not. Taking those two claims with the Tomasko's unsuccessful WPCL claim, the Court allowed recovery of only one-third of Koranda’s fees through December 20, 2001. The District Court made no mention of the breach of fiduciary duty claim, perhaps because that claim was resolved via post-trial motions. See supra note 3.

. The Notice of Appeal reflects that Weinstock only appealed the District Court’s November 21, 2008 order denying Weinstock's motion for reconsideration of the July 29, 2008 memorandum and order, as amended on August 12, 2008. [App. at 1.] However, “[a] timely appeal from a denial of a Rule 59 motion [such as a motion for reconsideration] ‘brings up the underlying judgment for review.'" Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345 (3d Cir.1986) (quoting Quality Prefabrication v. Daniel J. Keating Co., 675 F.2d 77, 78 (3d Cir. 1982)).

.The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). Our jurisdiction arises under 28 U.S.C. § 1291.

. Despite our discussion in Tomasko II, Wein-stock still "maintains that Tomasko's misrepresentation is material yet was not properly considered by the District Court.” (Appellants' Op. Br. at 20.) For the reasons stated in Tomasko II, we reject Weinstock’s argument. See Tomasko II, 255 Fed.Appx. at 681-82.

. The District Court’s assessment is actually somewhat favorable to Weinstock considering that the Court did not account for Tomasko's success on his breach of fiduciary duty claim in apportioning the fees.

. Weinstock endeavors to explain away the failure to file a response to Tomasko's addendum by saying that the District Court represented in a January 14, 2008 conference that Weinstock would be able to raise at oral argument any specific objections to the time sheets submitted by Tomasko. Unfortunately for Weinstock, he has pointed to nothing in the record to corroborate that assertion. Indeed, the District Court's January 15, 2008 order, which was entered "after having a conference call with counsel,” does not say anything of the sort. Approximately six months elapsed between the filing of Tomas-ko's addendum to his motion for attorneys' fees and oral argument on the matter. There is no reason why Weinstock could not have presented to the District Court a summary of objections and arguments in response to To-masko's addendum. And, if Weinstock believed that the Court's alleged representation during the phone conference relieved Wein-stock of the obligation to respond, Weinstock should have at least requested that the Court enter an order to that effect or otherwise created a record that would enable us to meaningfully review the assertion that such an unconventional method of responding to detailed written arguments was sanctioned by the District Court.